AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of New Mexico ▾

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

In the Matter of the Search of
*(Briefly describe the property to be searched*
*or identify the person by name and address)*
2014 Silver Toyota Camry, AZ LIcense Plate 5GA6XP
VIN 4T1BF1FK1EU834733

)
)
)
)
)
)

Case No.   **23mr2289**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
  Attachment A

located in the _____ District of _____ New Mexico _____ , there is now concealed *(identify the person or describe the property to be seized)*:
  Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1153 | Crimes committed in Indian Country |
| 18 U.S.C. § 113(a)(6) | Assault resuting inserious bodily injury |
| 18 U.S.C. § 1112 | Involuntary Manslaughter |

The application is based on these facts:
See attached affidavit, incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's  signature*

Lorraine Hardy, Special Agent
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
  Telephonically Sworn and Electronically Signed _____ *(specify reliable electronic means).*

Date:   12/11/2023
_____

_____
*Judge's signature*

City and state:  Farmington, New Mexico         B. Paul Briones, United States Magistrate Judge
_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: 2014 SILVER TOYOTA CAMRY BEARING VIN NUMBER 4T1BF1FK1EU834733 & ARIZONA LICENSE PLATE 5GA6XP CURRENTLY LOCATED AT FBI FARMINGTON RESIDENT AGENCY, 215 W. ELM STREET, FARMINGTON, NEW MEXICO | Case No. _____ |

AFFIDAVIT

I, Lorraine Hardy, being duly sworn, depose and state as follows:

INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application of Rule 41 of the Federal Rules of Criminal Procedure for a warrant authorizing the search for and seizure of electronically stored information, as particularly described in Attachment B, within the silver 2023 Toyota Camry passenger car, bearing VIN number 4T1BF1FK1EU834733 and Arizona License Plate 5GA6XP, currently located at the FBI Farmington Resident Agency, 215 W. Elm Street, Farmington, New Mexico (the "TARGET VEHICLE"), a description of which is contained in Attachment A.

2.      I am currently serving as an FBI Special Agent assigned to the FBI, Albuquerque Division, Farmington Resident Agency, where I primarily investigate crimes that occur in Indian Country to include homicide, aggravated assault, child sexual assault,

1

kidnapping and rape. I have been with the FBI for approximately 5 years. I have received on-the-job training from other experienced agents, detectives, Indian Country criminal investigators, and tribal police officers. My investigative training and experience includes, but is not limited to, processing crime scenes, conducting surveillance, interviewing subjects, targets, and witnesses, writing affidavits for and executing search and arrest warrants, examining cellular telephones, managing confidential human sources and cooperating witnesses/defendants, serving subpoenas, collecting and reviewing evidence, and analyzing public records.

3.      The information set forth in this affidavit has been derived from an investigation conducted by the Farmington Resident Agency of the FBI, New Mexico State Police (NMSP), Navajo Police Department (NPD) and the Navajo Nation Department of Criminal Investigations (NNDCI). During my investigation, I have developed information I believe to be reliable from the following sources:

 a.      Information provided by the FBI, NMSP, NPD, NNDCI, and other law enforcement officials;

 b.      Information provided by witnesses; and

 c.      Records from the FBI National Crime Information Center (NCIC), Navajo Nation Tribal Courts, and New Mexico Courts, and the Motor Vehicle Division (MVD).

4.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

PROBABLE CAUSE

5.    My basis for believing that evidence is located within the TARGET

VEHICLE, including its Event Data Records (EDR) system, is as follows:

a.   On or about December 1, 2023, the Farmington Resident Agency of the FBI was

notified by Navajo Nation Department of Criminal Investigations (NNDCI) of a head-

on collision involving two vehicles that occurred at approximately 10:30 p.m. on  Hwy

64, Shiprock, New Mexico, GPS coordinates  36.77792, -108.70213, which resulted in

the death of the passenger, and the death of the driver of the second vehicle, and

seriously injuring the passenger in the second vehicle.

b.   Officers with the Navajo Nation Police Department (NNPD) arrived on scene a

short time after the crash and observed a silver Toyota Camry, (hereinafter referred to

as the TARGET VEHICLE) upside down in the east bound lane with significant

damage. A male, identified by law enforcement as Brian Gonnie (hereinafter referred

to as GONNIE), year of birth 1979, was seat belted into the driver's seat of the

TARGET VEHICLE. Medical personnel cut GONNIE free and transported him to

Northern Navajo Medical Center. Due to the severity of GONNIE's injuries he was

later flown to the University of New Mexico Hospital in Albuquerque. Another male

(hereinafter referred to as D.M.), year of birth 1996, was observed seat belted in the

passenger seat of the TARGET VEHICLE. D.M. was cut free and removed by medical

personnel and declared deceased on scene. The TARGET VEHICLE was registered to

GONNIE's mother, (hereinafter referred to as M.M.B.), year of birth 1950.

c.   A 2005 blue Chevrolet Cavalier (hereinafter referred to as the Second Vehicle) was

on the shoulder of the west bound lane facing east and had significant damage. The

3

Second Vehicle had two occupants, a male who was later identified as the driver (hereinafter referred to as M.J), year of birth 1996, who was ejected from the Second Vehicle and lying nearby on the ground. M.J. was later declared deceased on scene by medical personnel. There was a male in the passenger seat (hereinafter referred to as K.J.), year of birth 2000. K.J. was transported by ambulance to Northern Navajo Medical Center. Due to the significance of K.J.'s injuries, he was later transported to San Juan County Regional Medical Center for surgery.  The Second Vehicle was registered to M.J. and his grandmother (hereinafter referred to as M.B.), year of birth 1950.

e.    While on scene, I observed several broken Coors Light beer bottles, in the rubble from the damaged vehicles. I also observed a box of Coors Light and several more Coors Light beer bottles through the windows of the TARGET VEHICLE. The broken beer bottles were collected as evidence and both the TARGET VEHICLE and Second Vehicle were sealed and towed to a secure area pending search warrants.

f.    A witness (hereinafter referred to as L.J.), year of birth 1972, was interviewed telephonically by law enforcement on December 4, 2023. L.J. was traveling to feed his animals east on Hwy 64, Shiprock, New Mexico, at approximately 9:30 PM. L.J. noticed a silver Camry with tinted windows (later identified as the TARGET VEHICLE) parked but still running at a local party spot approximately a half mile south of where the crash occured. L.J. observed empty beer bottles scattered around the TARGET VEHICLE as he drove by. L.J. lived just past the Shiprock High School on Hwy 64. L.J. arrived back home around 10:00 PM. L.J. noticed the crash involving the

4

TARGET VEHICLE around 11:00 PM just down from his residence, in front of the Navajo Tribal Utility Authority (NTUA) building.

g.   Law enforcement interviewed GONNIE at the hospital. GONNIE state he and D.M. had been drinking earlier that evening. GONNIE drank four shots of alcohol and some beer. GONNIE and D.M. drank in the TRAGET VEHICLE at a local party spot nearby. GONNIE wanted more alcohol, so they drove to the Hogback gas station to purchase a twelve pack of Coors Light beer. After their purchase, GONNIE believed they were driving back to D.M.'s residence in Shiprock. GONNIE was driving and D.M. was in the front passenger seat of the TARGET VEHICLE. GONNIE could not remember everything that happened and did not remember the crash.  GONNIE stated he was sad and wanted to apologize for his actions. GONNIE stated he had a cellular telephone with him on the evening of the incident but did not know where the cell phone was currently located.

h.   Your affiant did not see a cellular telephone in plain sight on the scene of the accident. It is my belief that GONNIE's cellular telephone may still be in the TARGET VEHICLE.

6.   Based on my training and experience, the TARGET VEHICLE is likely equipped with an Event Data Recorder (EDR).

7.   Based on information provided within this affidavit, your affiant believes that evidence of a crime can be found by conducting a search for physical items related to drug or alcohol consumption, including illegal substances, drug paraphernalia, bottles, receipts of purchase, cans, and other items known to hold drugs or alcoholic beverages within the TARGET VEHICLE. Photographs of both the interior and exterior of the vehicle will also

5

assist in the investigation. GONNIE's cell phone is believed to have been left in the vehicle and will assist in the investigation by potentially providing a timeline of GONNIE's activities throughout the day.

8. The reported incident took place on Hwy 64, Shiprock, New Mexico, GPS coordinates 36.77792, -108.70213, which is within the exterior boundaries of the Navajo Nation, Shiprock, New Mexico. GONNIE, M.J., K.J., and D.M. are enrolled member of the Navajo Nation.

## BACKGROUND ON EVENT DATA RECORDERS (EDRs)

9. Based on my training and knowledge obtained from New Mexico State Police (NMSP) crash reconstruction agents, the National Highway Traffic Safety Administration (NHTSA), and other law enforcement agents and officers, I have learned the following:

a. An Event Data Recorder (herein after referred to as an "EDR"), is a device installed in a motor vehicle to record technical vehicle and occupant information for a brief period of time before, during, and after a crash.

b. EDRs may record (1) pre-crash vehicle dynamics and system status; (2) driver inputs; (3) vehicle crash signature; (4) restraint usage/deployment status; and (5) post-crash data such as the activation of an automatic collision notification (ACN) system.

c. EDRs record information related to an "event," such as a vehicle crash.

d. The NMSP has equipment to access the EDRs located in vehicles and download the data therein.

e.      As previously noted, the TARGET VEHCLE is a 2014 Toyota Camry and believed to be equipped with an EDR.

f.      The requested warrant authorizes search and seizure of the EDR and the data contained within.

<u>CONCLUSION</u>

10.     Based on the facts set forth in this affidavit, there is probable cause to believe there was a violation of 18 U.S.C. § 1153, crimes committed in Indian Country, 18 U.S.C. § 113(a)(6) assault resulting in serious bodily injury, and of 18 U.S.C. § 1112 involuntary manslaughter. Because there is probable cause to believe GONNIE, and that evidence of such crimes may be found at the TARGET VEHICLE. Therefore, I submit that this affidavit supports probable cause for a warrant to search the TARGET VEHICLE described in Attachment A and seize the items described in Attachment B.

11.     Assistant United States Supervisory Attorney Elisa Dimas has approved this application.

12.     I swear that this information is true and correct to the best of my knowledge and belief.

Lorraine Hardy, Special Agent
Federal Bureau of Investigation

Electronically SUBSCRIBED and telephonically SWORN to me this _____ 11th day of _____ December _____, 2023.

HONORABLE B. PAUL BRIONES
United States Magistrate Judge

7

<u>ATTACHMENT A</u>

PROPERTY TO BE SEARCHED

1. A silver 2014 Toyota Camry passenger car, bearing VIN number
4T1BF1FK1EU834733 and Arizona license plate number 5GA6XP located at
the FBI Farmington Resident Agency, 215 W. Elm Street, Farmington, New
Mexico, identified as the TARGET VEHICLE.

2. Event Data Records (EDR) located within the TARGET VEHICLE.

ATTACHMENT B

PROPERTY TO BE SEIZED

The items to be searched for, seized, and examined, are those items located in the Subject Vehicle referenced in Attachment A, that contain evidence of violations of 18 U.S.C. § 1153, crimes committed in Indian Country, § 113(a)(6), assault resulting in serious bodily injury, and §1112, involuntary manslaughter.  The items to be seized cover the period of December 1, 2023.

1. Physical items related to alcohol consumption, illegal substances, drug paraphernalia, bottles, receipts of purchase, cans, and other items known to hold drugs or alcoholic beverage.

2. Cellular telephone(s).

3. Photographs of the interior and exterior of the TARGET VEHICLE.

4. All electronic and/or digital data retrieved from the Event Data Recorder (EDR).

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of the attorneys for the government and their support staff for their independent review.

9